

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

October 19, 1977

Honorable M. L. Brockette
Commissioner of Education
Texas Education Agency
201 E. Eleventh Street
Austin, Texas

Dear Mr. Brockette:

Opinion No. H-1074

Re:  May terms of school
district trustees be changed
from six years to three
years?

You have requested our opinion concerning the following
questions:

> (1)  May a school district that has pre-
> viously instituted a term of six years
> for its trustees under either general or
> special law of this state revert back to
> a term of three years by a majority vote
> of its trustees pursuant to subsection. (b)
> of Section 23.13?
>
> (2)  If so, should trustees having unex-
> pired terms as of the date of the election
> at which the three-year term is adopted
> continue to serve the unexpired portions
> of their six-year terms, or should one-,
> two-, or three-year terms for all seven
> trustees be drawn by lot as provided in
> subsection (c) of Section 23.13?

You advise that pursuant to former article 2774d, V.T.C.S.,
presently section 23.14 of the Education Code, the Board of
Trustees of an independent school district adopted six year
terms by a majority vote.  Section 23.14 contains no language
which would prevent the Board from revoking its adoption of
six year terms.  Cf. Education Code, § 23.11(f); See Attorney
General Opinion H-266 (1974).

Section 23.13 of the Education Code provides in part:

> (b)  The term of trustees may be three
> (3) years in any independent district, other
> than a county-wide district in which the
> trustees, by a majority vote, adopt a three-
> year term and, at least 90 days prior to a

regular election date, publish in a newspaper printed in the county in which the district is situated notice of the election and the terms for which the trustees are to be elected.

    (c)  Elections shall be held annually. At the first regular trustee election after the creation of the district or the adoption of the three-year term, as provided above, the seven trustees elected shall determine by lot the terms for which they are to serve, as follows:  the three members drawing numbers 1, 2, and 3 shall serve for a term of one year; the two members drawing numbers 4 and 5 shall serve for a term of two years; and the two members drawing numbers 6 and 7 shall serve for a term of three years.

    (d)  Each year, following the first election, either three or two trustees shall be elected, the number depending upon that required to constitute a board of seven trustees.

Subsection (b) clearly authorizes "any independent school district, other than a county-wide district" to adopt three year terms by majority vote of the trustees.  Accordingly, in our opinion any independent school district other than a county-wide district may establish three year terms for trustees by majority vote of the board.

    Your second question is whether all positions on the board must be filled at the next election following the adoption of three year terms.  Subsection (c) of section 23.13 clearly contemplates that "seven trustees" will be elected in such an election.  Therefore, in our opinion all seven positions on the board must be filled in the next election following an adoption of three year terms.  See Attorney General Opinions H-220 and H-219 (1974).  The terms of those elected is governed by subsection (c) of section 23.13.

### S U M M A R Y

Any independent school district other than a county-wide district may adopt three year terms for trustees by majority vote of the board of trustees.  All positions on the board must be filled in the next election pursuant to subsection (c) of section 23.13 of the Education Code.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst